IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| CHAD D. BRINDLEY, | : | |
| Plaintiff, | : | MEMORANDUM DECISION & ORDER |
| vs. | : | Case No. 2:10-cv-00775-BCW |
| MICHAEL J. ASTRUE Commissioner of Social Security, | : | |
| Defendant. | : | |

This matter is before the court on plaintiff Chad D. Brindley's appeal of the Commissioner of Social Security's decision denying his claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § § 401-433. Following briefing, the court heard oral argument on March 9, 2011. Now, having considered the parties' briefs, the administrative record, the arguments of counsel and the relevant law, the Court issues the following Memorandum Decision and Order denying Mr. Brindley's appeal.

## PROCEDURAL HISTORY

On May 19, 2008, Mr. Brindley filed his application for disability insurance benefits, alleging disability since October 31, 2007.[1] His claim was denied initially, upon reconsideration and, after a hearing, in a decision by an administrative law judge (ALJ)

---

[1] Tr. 117-18. "Tr" refers to the administrative record that was filed with this Court.

issued on August 3, 2009.² The Appeals Council denied Plaintiff's subsequent request for review, making the ALJ's decision the Commissioner's "final decision" for purposes of judicial review.³ On August 18, 2010, Mr. Brindley timely commenced this action for judicial review.

**STANDARD OF REVIEW**

The court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.⁴ "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."⁵ In determining whether substantial evidence supports the Commissioner's decision, the court examines the record as a whole, but does not reweigh the evidence.⁶ The court does not substitute its judgment for that of the agency.⁷

**BACKGROUND**

In the August 3, 2009, decision denying Mr. Brindley's claim, the ALJ followed the sequential evaluation process set forth in the Commissioner's regulations.⁸ At step

---

² Tr. 11-22, 63-78.

³ Tr. 1-3; 20 C.F.R. § 404.1481.

⁴ Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

⁵ Id.

⁶ Flaherty v. Astrue, 515 F.3d 1067, 1070 (10th Cir. 2007).

⁷ Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008).

⁸In evaluating disability, the Commissioner considers, in sequence: (1) whether the claimant is currently working; (2) whether the claimant has a "severe" impairment;

-2-

one, the ALJ found that Mr. Brindley had not engaged in substantial gainful activity since October 31, 2007, his alleged of onset date of disability.[9] At step two, he found that Mr. Brindley's "severe" impairments consisted of "disorder of the back (osteoarthritis or spondylosis of the lumbar spine), tinnitus, disorder of the right shoulder and borderline intellectual functioning related to organic brain injury".[10] At step three, he found plaintiff did not have an impairment or combination of impairments that met or equaled the criteria of an impairment listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1.[11] The ALJ then found that Mr. Brindley did have the residual functional capacity to perform,

> a limited range of light work as defined in 20 CFR 404.1567(b). The claimant is able to lift 20 pounds on an occasional basis and up to ten pounds frequently. He is able to sit for six hours total during an eight-hour workday. He is able to stand and/or walk in combination for a total of two hours in an eight-hour day. The claimant would only be able to perform occasional overhead reaching with his right arm because of his shoulder impairment. The claimant's ability to understand, remember and carry out instructions is limited to simple routine work. His ability to use judgment and make work related decisions are adequate for those decisions required of simple routine work. He is not significantly limited in his ability

---

(3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and if so, (5) whether the impairment prevents the claimant from doing any kind of work. Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988). An impairment or combination of impairments is "severe" if it significantly limits a claimant's ability to do basic work activities. 20 C.F.R. § 404.1521; (Tr. 10-18).

[9] Tr. 13.

[10] Tr. 14.

[11] Tr. 15.

to get along with other people or to respond appropriately to changes in the work setting.[12]

At step four, the ALJ found that plaintiff was unable to perform his past relevant work.[13] At step five, based on vocational expert testimony, the ALJ found that Mr. Brindley could perform the jobs of parking lot attendant, ticket taker, and house sitter, which existed in significant numbers in the national economy.[14] Therefore, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act.[15]

## DISCUSSION

On appeal, Mr. Brindley argues that the ALJ erred by failing to: (1) adequately develop the record, (2) include all his impairments in his residual functional capacity assessment, and (3) properly evaluate the medical opinion evidence. Plaintiff also argues that the ALJ's decision is inconsistent with the fact that the Commissioner found him disabled based on a subsequent application for benefits. For the reasons explained below, the court finds Mr. Brindley's arguments unpersuasive and hereby affirms the Commissioner's decision.

(I) <u>Duty to Develop the Record.</u>

Mr. Brindley contends that the ALJ failed to develop the record by denying his request that a medical expert be called to testify at the hearing and by ignoring Dr. Turek's opinion that more testing was needed to determine his functional limitations.

---

[12] Tr. 16-20.

[13] Tr. 20.

[14] Tr. 20-21.

[15] Tr. 21.

The court finds, however, that the ALJ properly exercised his discretion in declining to call a medical expert to testify. The Commissioner's regulations provide that an ALJ *may* obtain the opinion of a medical expert on the nature and severity of a claimant's impairments, but is not required to do so.[16] This case did not present the sort of complex medical issues that required the advice of a medical expert, such as inferring the disability onset date in a case involving slowly progressing impairments[17] or determining whether a claimant's mental impairments are disabling in the absence of substance abuse.[18]

Here, the Commissioner did appropriately develop the record by referring Mr. Brindley to Dr. Johnson for examination in order to clarify the nature and severity of his physical impairments.[19] Moreover, the court notes that much of the evidence of record in this case consists of reports prepared by the Commissioner's consultative physicians and psychologists. Accordingly the Court finds that the Commissioner developed the medical evidence to a significant extent, and the ALJ's decision not to call a medical expert to testify at the hearing did not amount to an abuse of discretion.

---

[16] 20 C.F.R. § 404.1527(f)(2)(iii); see also, Hector v. Barnhart, 337 F.Supp.2d 905, 926 (S.D. Texas 2004) ("it is within the ALJ's sound discretion whether to solicit the assistance of medical experts at the administrative hearing").

[17] SSR 83-20.

[18] Diehl v. Barnhart, 357 F. Supp. 2d 804, 815 (E.D. Pa. 2005).

[19] Tr. 215-18.

(II)  Residual Functional Capacity.

Next, Mr. Brindley argues that the ALJ failed to consider his low reading ability and pain in determining his residual functional capacity. The Court disagrees, finding that substantial evidence supported the ALJ's finding that Mr. Brindley could perform simple, routine work notwithstanding his low reading ability. The record indicates that in assessing plaintiff's residual functional capacity, the ALJ considered: Mr. Brindley's testimony that he attended special education classes and could not read a book or magazine, Dr. Turek's diagnosis of reading disorder, Dr. Turek's conclusion that plaintiff could follow "simple instructions of a four step nature" and Dr. Truhn's opinion that plaintiff was capable of simple, unskilled work in spite of his low reading ability.

Further, under the Commissioner's regulations, "illiteracy" is treated as a level of education.[20] Education, like age and work experience, is a "vocational factor" that is considered at the fifth step of the sequential evaluation process in order to determine whether a significant number of jobs exist that a claimant, unable to do his past work, can perform. Illiteracy is not a medical impairment and is not a factor that is considered in assessing an individual's residual functional capacity.[21] The ALJ appropriately considered Mr. Brindley's low reading ability at step five of the sequential evaluation by applying Rule 202.11 of the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt.

---

[20] 20 C.F.R. § 404.1564(b)(1).

[21] 20 C.F.R. §§ 404.1520 – 404.1546.

P, App. 2, Table No. 2, § 202.11, which applies to claimants who, like plaintiff, have a "limited or less" education.[22]

With regard to Mr. Brindley's subjective complaints of pain, the Court does not find that the ALJ erred and notes there was consideration of plaintiff's lack of consistent treatment, his daily activities, the minimal objective findings consistent with incapacitating pain, and plaintiff's overall reliance on over-the-counter analgesics in evaluating the severity of his pain.[23]

For these reasons, the Court finds that the ALJ did not err in determining plaintiff's residual functional capacity.

(III)  Medical Opinion Evidence.

Next, the court finds plaintiff's argument that the ALJ failed to state what weight he gave to the medical opinion evidence to be unpersuasive. Contrary to Mr. Brindley's contention, the Court finds that the ALJ adequately stated what weight he assigned to the medical opinions. With regard to plaintiff's physical residual functional capacity and the determination that Mr. Brindley was limited to lifting twenty (20) pounds, the ALJ stated that he gave more weight to the opinions of Drs. North and Johnsen than to the opinions of Drs. Burkett, Barton and Bunker.[24] The ALJ also explained that the opinions of Drs. Johnsen, Burkett, North, and Bunker supported a finding that plaintiff was limited

---

[22] Plaintiff is neither "illiterate or unable to communicate in English" nor a "high school graduate or more" (the other educational classifications in the Medical-Vocational Guidelines). Thus, the "limited or less" classification fairly described Plaintiff's educational level.

[23] Tr. 20.

[24] Tr. 18.

to occasional overhead reaching,[25] and that the opinion of Dr. Johnsen was relied upon in determining that plaintiff was limited to two hours of standing and/or walking.[26]

Likewise, with regard to Mr. Brindley's mental limitations, the ALJ explained that he considered the reports of Drs. Turek, Truhn, and Gill, all of whom opined that plaintiff could perform simple, unskilled work.[27] The Court disagrees with Mr. Brindley's assertion that the ALJ selectively relied on the portions of Dr. Turek's opinion that supported a finding of nondisability and ignored those portions which did not. Dr. Turek ultimately concluded that plaintiff could follow "simple instructions of a four step nature" and that his memory was "reasonable for obtaining instructions," which was consistent with the ALJ's mental residual functional capacity assessment.[28]

No physician in this case stated that Mr. Brindley was disabled, and with the exception of Dr. Bunker's opinion that plaintiff was limited to lifting five pounds, no physician opined that plaintiff had greater limitations than the ALJ found. The absence of an opinion by any physician that a claimant is disabled may support a finding of nondisability.[29]

Here, the ALJ gave legitimate reasons for giving less weight to Dr. Bunker's

---

[25] Tr. 18.

[26] Tr. 18-19.

[27] Tr. 19.

[28] Tr. 16, 226.

[29] Lee v. Sullivan, 945 F.2d 687, 693 (4th Cir. 1991).

-8-

opinion and explained how the other medical opinions supported his residual functional capacity assessment.[30] Accordingly, the court finds that the ALJ adequately considered the medical opinion evidence.

(IV) <u>Subsequent Favorable Administrative Decision.</u>

Finally, Mr. Brindley submitted a Social Security Administration Notice of Award, showing he was found disabled as of August 4, 2009, in connection with a subsequently-filed application for benefits. He argues that remand is required to resolve the conflict between that decision and the decision under review. The court disagrees. That plaintiff was found disabled after the period at issue in this case is not relevant to the Court review of the current decision. The Notice of Award contains no information about the evidence on which the subsequent decision was based. That a different adjudicator found Mr. Brindley was disabled during a different time period, based on a record that presumably contained evidence that the ALJ in this case did not consider, is not significant for purposes of this decision.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision denying Plaintiff's application for disability insurance benefits is hereby AFFIRMED. It is further

---

[30] Tr. 18-20.

ORDERED that judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the United States Supreme Court's decision in <u>Shalala v. Schaefer</u>.[31]

Dated this 7th day of April, 2011.

BY THE COURT:

*/s/ Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge

---

[31] 509 U.S. 292, 296-302 (1993).